UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADE BROWN, #884273, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:18-cv-812 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| SABRINA DAVIS, et al., | ) | |
|         Defendants. | ) | |
| | ) | |

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1983. On August 12, 2019, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court grant the Defendants' motion for partial summary judgment (ECF No. 20) in part and deny the motion in part (R&R ECF No. 29). This matter is now before the Court on Defendants' objection to the R&R (ECF No. 30). For the reasons to be discussed, the Court will sustain the objection, modify the R&R, and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Defendants sole objection to the R&R is that the magistrate judge erred when he found that Plaintiff exhausted his Eighth Amendment claim regarding personal hygiene items via a July 2, 2018 kite. This Court agrees.

At the relevant time, Plaintiff was on "modified access" to the grievance system, so he was required to submit requests for grievance forms to the grievance coordinator. The grievance coordinator would then review the request to determine whether it complied with institutional rules regarding the filing of grievances. If a plaintiff is refused a grievance form for a non-frivolous grievance, his remedies are deemed unavailable and he is not obligated to exhaust them. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446-47 (6th Cir. 2005). If a plaintiff is granted a grievance form and files the grievance, he must exhaust that administrative appeal before filing a federal suit; he may not exhaust the administrative

2

remedy *while* the federal suit is pending. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff demonstrated an understanding of this modified system on June 14, 2018, when he sent a kite (an informal complaint) to the grievance coordinator explicitly stating "I need these grievances" and requesting five grievance forms (ECF No. 24-1 at 3, PageID.356). On July 5, 2018, Plaintiff again explicitly requested a grievance via kite, stating "I want to grieve you" (ECF No. 24-1 at 7, PageID.360). However, the July 2, 2018 kite contains no such language (ECF No. 24-1 at 9, PageID.362). Plaintiff outlines his request for hygiene products but does not request a grievance form or state that he is seeking to grieve anyone. Plaintiff did not invoke the grievance process with this kite, so Plaintiff did not exhaust his administrative remedies on this claim. The R&R's conclusion is erroneous.

Moreover, a review of the record shows that Plaintiff filed several grievances regarding this issue and still failed to exhaust his administrative remedies before filing this claim. In 2016, Plaintiff filed a grievance raising several of the same issues as he raises in this lawsuit, including the personal hygiene items issue (ECF No. 21-4 at 3, PageID.259). That grievance was apparently lost or never processed by prison officials, because both a Legislative Ombudsman Analyst and the grievance coordinator informed Plaintiff that no grievance existed with that number (ECF No. 21-4 at 4, 7, PageID.260, 263). Plaintiff resurrected the personal hygiene issue in a grievance filed on July 9, 2018 (ECF No. 24-1 at 10, PageID.363).[1] Plaintiff filed this lawsuit on July 20, 2018 (ECF No. 1), well before that grievance was

---

[1] It is unclear how Plaintiff received a grievance form as he did not request one in the July 2 kite; regardless, this grievance was "Received at Step I" on July 9, 2018 (ECF No. 24-1 at 10, PageID.363).

3

processed: the Step I resolution was returned to Plaintiff on August 3, 2018, the Step II appeal was filed on August 29, 2018, and the Step III appeal was received on October 2, 2018 (ECF No. 24-1 at 11-13, PageID.364-66). This was Plaintiff's fatal error: he did not allow the administrative process to play out *prior* to filing suit in federal court. By allowing the administrative process to complete during the pendency of this federal suit, Plaintiff has failed to exhaust his administrative remedies. *See Freeman*, 196 F.3d at 645. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim regarding hygiene items.

The Court finds no other error in the R&R, and therefore, defendants motion for partial summary judgment is **GRANTED** in part, on Plaintiff's claims under the Fourteenth Amendment's Equal Protection Clause based on the elimination of the START program and the Eighth Amendment claim based on denial of hygiene items. Defendant's motion is **DENIED** on Plaintiff's two remaining claims.

## Order

**IT IS ORDERED** that the August 12, 2019 R&R (ECF No. 29) is **MODIFIED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' objection to the R&R (ECF No. 30) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 20) is **GRANTED** in part and **DENIED** in part.

Date:  September 26, 2019                     /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge

4