UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADE BROWN, #884273, )
        Petitioner, )
) No. 1:18-cv-812
-V- )
) HONORABLE PAUL L. MALONEY
SABRINA DAVIS, et al., )
        Respondents. )
)

## ORDER

This is a civil rights action brought by state prisoner Ade Brown under 42 U.S.C. § 1983. The matter is now before the Court on Brown's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Philip J. Green (R&R ECF No. 86; Objection ECF No. 87). For the reasons to be stated, the Court will overrule the objection, modify the R&R, and adopt it as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Brown brings five objections, which the Court will address in the order presented. First, he objects to the R&R's treatment of his Eighth Amendment claim. The R&R rejected this claim because Brown did not present any evidence that Defendants were subjectively aware of the conditions he was experiencing. In his objection, Brown reiterates his argument that Defendants had to have been aware of the conditions for two reasons. First, because an inmate at the same prison brought a factually similar case in 2009. *Wappler v. Huss*, No. 1:08-cv-629, 2009 WL 3055202 (W.D. Mich. Sept. 18, 2009). The Court finds that prison conditions nine years ago are not proof that Defendants knew of the specific conditions that Brown raises. Second, Brown asserts that he filed over 60 grievances raising these issues, satisfying the subjective component of the analysis. However, Brown does not successfully challenge the R&R's conclusion that he failed to satisfy the objective component, so the outcome of the subjective component is of no consequence: Brown's Eighth Amendment claim fails. This objection will be overruled.

Next, Brown argues that the R&R failed to address his First Amendment retaliation claim. The Court agrees and will consider the following analysis part of the Court's opinion. A First Amendment retaliation claim has three elements: that (1) Brown engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Brown has admitted that there is not a casual connection between the alleged protected conduct (talking) and the adverse action (the noisy fans): in his motion for summary judgment, Brown states that "defendant's [sic] weren't the one's [sic] who directly turned on the fans after I or other inmates started talking with each other[.]" (ECF No. 77 at PageID.694.) Therefore, there is no casual connection (at least against these Defendants) between the first two elements, and in turn, the third element of his retaliation claim is not met. Therefore, Defendants are entitled to summary judgment on this claim. This objection will be overruled.

Brown's third objection takes issue with the R&R disposing of his Equal Protection claims. However, here, Brown does not provide any evidence that he was treated differently than any similarly situated prisoners; he simply reiterates his claims that the fans were used for retaliation and that the temperature was intolerable. This objection will be overruled.

Fourth, Brown uses his first three objections to argue that an appeal would not be frivolous and would be taken in good faith. Having overruled the first three objections, the Court agrees with the R&R's conclusion that an appeal of this matter would be frivolous and would not be in good faith. This objection will be overruled.

3

Fifth and finally, Brown generally objects to the R&R's conclusion. Such a vague objection need not be reviewed. *Mira,* 806 F.2d at 637. This objection will also be overruled.

## Conclusion

As amended to include the First Amendment retaliation claim, the Court finds no error in the R&R. Accordingly, all objections will be overruled and the modified R&R will be adopted as the opinion of the Court. Accordingly,

**IT IS ORDERED** that the November 12, 2020 R&R (ECF No. 86) is **AMENDED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 87) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 75) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 77) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** January 28, 2021                       /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge